Leonard J. McDonald, State Bar No. 014228
J. Daryl Dorsey, State Bar No. 024237

**TB** **TIFFANY & BOSCO**
P.A.

Third Floor Camelback Esplanade II
2525 East Camelback Road
Phoenix, Arizona 85016-4237
Telephone: (602) 255-6000
Facsimile: (602) 255-0103
Email: ljm@tblaw.com; jdd@tblaw.com;
*Attorneys for Federal National Mortgage Association*

10-22244

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>Raymond and Kathleen Dumont,<br><br>Debtor. | No. 2:10-bk-29498-RJH<br><br>Chapter 7<br><br>**OBJECTION TO DEBTOR'S MOTION FOR STAY PENDING APPEAL** |

Federal National Mortgage Association (hereinafter "Fannie Mae"), by and through its undersigned attorneys, hereby objects to the Motion for Stay Pending Appeal (the "Motion") filed by Raymond and Kathleen Dumont (the "Debtors") as follows:

**I.**     **BACKGROUND**

On August 4, 2010, a Trustee's Sale was held regarding property located at 8011 N. Citrus Road, Waddell, Arizona 85355 (the "Real Property"), more particularly described as:

> LOT 1, CRYSTAL SPRINGS ESTATES UNIT ONE,
> ACCORDING TO THE PLAT OF RECORD IN THE
> OFFICE OF THE COUNTY RECORDER OF MARICOPA
> COUNTY, ARIZONA, IN BOOK 464 OF MAPS, PAGE 44.

Fannie Mae purchased the Real Property at the Trustee's Sale.  A copy of the Trustee's Deed Upon Sale is attached hereto as Exhibit "A" and made a part hereof by this reference.  Debtors filed for relief under Chapter 7 of the Bankruptcy Code on September 15, 2010.

On January 10, 2011, Fannie Mae filed a Motion for Relief from the Automatic Stay pursuant to 11 U.S.C. § 362(a) in order to pursue its rights and remedies in state court, including, its right to possession of the Real Property (hereinafter the "Stay Relief Motion").  On February 1, 2011, Debtors filed their response to the Stay Relief Motion. On April 12, 2011, the Court granted the Stay Relief Motion, over the Debtors' objection.

On April 13, 2011, Debtors filed a Notice of Appeal of the Order and now seek a Request for Stay Pending Appeal.

II.  **LEGAL ARGUMENT**

A. **DEBTORS FAIL TO PRESENT ANY LEGAL OR EVIDENTIARY BASIS TO SUPPORT A STAY PENDING APPEAL.**

Debtors request a stay pending appeal stating only that they have filed a notice of appeal of the Order granting Fannie Mae's motion for relief from the automatic stay. This statement is insufficient to support a stay pending appeal.  As the Court was correct in granting the Motion, the Court must deny Debtors' motion for a stay pending appeal as Debtors fail to provide any legal authority or evidentiary support for the relief they seek. They even fail to cite Bankruptcy Rule 8005 which provides a procedural basis for the relief.

The accepted standards for discretionary stays pending appeal were described by the Ninth Circuit in *Schwartz v. Covington*, 341 F.2d 537, 538 (9th Cir. 1965).  The moving party must prove: (1) it is likely to succeed on the merits of the appeal; (2) it will

suffer irreparable injury if the stay is not granted; (3) no substantial harm will come to the other party if the stay is granted; and (4) the stay will do no harm to the public interest. *Id.*; *See also In re Engram*, 2007 WL 438304 (Bankr. D. Ariz. 2007)(Marlar, J.); *citing In re Wymer*, 5 B.R. 802, 806 (9th Cir. BAP 1980). The BAP in *Wymer* directed that such stays "should be sparingly employed and reserved for the exceptional situation." *Id.* They are an extraordinary remedy. *In re F.G. Metals, Inc.,* 390 B.R. 467, 471 (Bankr. M.D.Fla. 2008).

The Supreme Court stated in *Indiana State Police Pension Trust, et al., v. Chrysler LLC, et al.*, --- U.S. ---, 129 S.Ct. 2275, ---L.Ed.2d ---, 2009 WL 1579492 (2009) that a " 'stay is not a right, even if irreparable injury might otherwise result.'" Debtors have done nothing to meet their burden of proof to obtain a stay pending appeal.

Certainly, Debtors have not proven the existence of an "exceptional situation" for which a stay is necessary. They have proffered no evidence of any harm to them that is of the type courts have found to be irreparable and may support a stay. Debtors have not and cannot prove the creditors of the estates will suffer no substantial harm in the even a stay is granted. They have also failed to prove they will likely succeed on the merits of their appeal. Finally, Debtors have failed to demonstrate that public policy supports the entry of a stay of the Stay Relief Order.

A trial court has broad discretion to deny or grant a stay pending appeal. *See Lopez v. Heckler,* 713 F.2d 1432, 1435 (9th Cir.1983). In fact, that discretion is so great that some have said that [even] an appellate court should not grant a stay of enforcement pending appeal after it has been denied by the trial court. *In re Wymer*, 5 B.R. 802, 807 citing to *Sommer v. Rotary Lift Co.,* 58 F.2d 765 (9th Cir. 1932). "Under the abuse of discretion standard[,] 'a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of

judgment or exceeded the bounds of permissible choice in the circumstances.' " *Moothart v. Bell,* 21 F.3d 1499, 1504 (10th Cir.1994) (quoting *McEwen v. City of Norman,* 926 F.2d 1539, 1553-54 (10th Cir.1991)).  An abuse of discretion only occurs when the trial court's decision is " 'arbitrary, capricious or whimsical' " or results in a "manifestly unreasonable judgment." *Moothart v. Bell*, 21 F.3d at 1504(*quoting United States v. Wright,* 826 F.2d 938, 943 (10th Cir. 1987)).   As one court has put it, "[t]he question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion." *In re M.J. Waterman & Assocs., Inc.,* 227 F.3d 604, 608 (6th Cir. 2000), *cited with approval in Allied Domecq Retailing USA v. Schultz ( In re Schultz),* 254 B.R. 149, 151 (6th Cir. BAP 2000);  *In re Lang*, 305 B.R. 905, 908 (10th Cir. BAP 2004).

Debtors have not pointed to anything in the Court's decision that is whimsical, capricious, arbitrary or manifestly unreasonable or proven reasonable persons could not agree with this Court's decision to lift the automatic stay when the Real Property was sold at a Trustee's sale prepetition.   As a result, Debtors have failed to meet this high standard.  It is undisputed that the Trustee sale occurred prior to the bankruptcy filing and the adversary proceeding filed to challenge the sale was not filed until five months later on January 19, 2011 (i.e. after the Stay Relief Motion was filed).   Accordingly, there is no basis for this court to grant a stay pending appeal.

**B.  DEBTORS SHOULD BE ORDERED TO PAY A BOND DOUBLE THE AMOUNT OF THE PURCHASE PRICE AT THE TRUSTEE'S SALE IF THE COURT GRANTS A STAY PENDING APPEAL.**

It is true the Court has discretion as to whether to require Debtors to provide a bond to cover the harm to the Debtors and creditors should the Stay Relief Order be stayed. However, in exercising its discretion, this Court is required to focus on whether the bond is necessary to protect against the probable diminution in value of the Debtor's real estate and operating assets pending appeal and to "secure the prevailing party against any loss that might be sustained as a result of an ineffectual appeal*." In re Adelphia Communications Corporation*, 361 B.R. 337, 350 (S.D.N.Y. 2007). Based on the foregoing authority, if the Court grants a stay pending appeal, Debtors must be ordered to post a bond in the amount of $862,103.08, which is double the amount of the $431,051.54 purchase price at the Trustee sale to protect against the probable diminution in value of the Real Property and to secure Fannie Mae as the prevailing party against any loss that will be sustained as a result of an ineffectual appeal.

**III.    CONCLUSION**

WHEREFORE, Fannie Mae requests this Court deny Debtor's motion for stay pending appeal for lack of good cause shown, or in the alternative set a bond in the amount of $862,103.08.

(this space intentionally left blank)

DATED this 10th day of May, 2011.

**TIFFANY & BOSCO, P.A.**

By: <u>J. Daryl Dorsey #024237</u>
      Leonard J. McDonald
      J. Daryl Dorsey
      Third Floor Camelback Esplanade II
      2525 East Camelback Road
      Phoenix, Arizona 85016
      *Attorneys for Federal National Mortgage*
      *Association*

**ORIGINAL** filed with the United States Bankruptcy Court District of Arizona on this 10th day of May, 2011 and mailed on the next business day to the following:

Raymond and Kathleen Dumont
8011 N. Citrus Road
Waddell, AZ 85355
*Debtors*

Douglas C. Rhoads
RHOADS & ASSOCIATES, PLC
3844 North 32nd St. Suite I.
Phoenix, AZ 85018
*Attorney for Debtors*

Ramesh Singh
GE Money Bank
c/o Recovery Management Corp.
25 SE 2nd Avenue, Suite 1120
Miami, FL 33131

BY: <u>/s/ Heidi Nelson</u>